and that the federal courts will not interfere except to prevent wrong or injustice to the estate. The supreme court affirmed this decision, but declined to express any opinion as to the exclusive jurisdiction of the federal court. In Mays v. Fritton, 20 Wall. [87 U. S.] 414, a foreclosure of a mortgage was had against the bankrupt in the state court. The assignee was made a party defendant, and entered his appearance and made a contest for the surplus proceeds of the sale, and did not object to the jurisdiction of the court. On appeal to the supreme court, it was held that he could not then be heard to object to the jurisdiction, as he had acquiesced in the proceedings in the state court. A still later case is Scott v. Kelly, [22 Wall. (89 U. S.) 57.] It was a case decided by the supreme court, and the opinion is delivered by Waite, C. J. It is very brief, and the substance of it is contained in these words: The assignees in bankruptcy voluntarily submitted themselves and their rights to the jurisdiction of the state court. Being summoned, they appeared without objection and presented their claim for adjudication by that court. No effort was made to remove the litigation to the courts of the United States. "It is now too late to object to the power of the state court to act in the premises and render judgment." And cites the case of Mays v. Fritton, before referred to. These decisions of the highest court in the land have recognized the power of the state courts to proceed under certain circumstances in these cases, and although it is to be regretted that the views of that court and the reasons for its decision have not been given, it is nevertheless binding upon this court.

As to the other question, it is necessary to say but little. The assignee voluntarily appeared in the case and submitted to the jurisdiction of the state court, and asked for, and took a judgment in his own favor as an individual, and had his lien adjudicated on the real estate. He permitted the property to be repeatedly appraised and offered for sale without objection, and was present at the sale and advised about the proceedings therein. The various proceedings have extended over a period of more than two years, and never, until now, has the assignee made any objection thereto. The incumbrances on the real estate are more than it will bring at public sale, and there can be no surplus for the general creditors. There is no reason to believe that the assignee can sell it for more than it has already been sold for, and I cannot see that the estate is now going to be injured by permitting the state court to proceed to a final conclusion of the matter. The temporary injunction will therefore be denied.

AUJA, (UNITED STATES v.) See Case No. 14,478.

## Case No. 649.

### AULD v. AULD.

[4 Cranch, C. C. 84.][1]

Circuit Court, District of Columbia. May Term, 1830.

DIVORCE—ALIMONY—PENDENTE LITE.

A bill having been filed for alimony,—

THE COURT, upon the petition of the complainant, for a temporary support pendente lite, ordered two dollars a week to be paid to her until the further order of the court.

AULD, (BRECKENRIDGE v.) See Case No. 1,824.

AULD, (HEPBURN v.) See Case No. 6,389.

## Case No. 650.

### AULD v. HEPBURN et al.

[1 Cranch, C. C. 122.][1]

Circuit Court, District of Columbia. June Term, 1803.

PLEADINGS—TENDER—RIGHT TO OPEN AND CLOSE —PAROL EVIDENCE TO VARY WRITTEN AGREEMENT— ADMISSIONS BY DEMURRER IN ANOTHER SUIT.

1. On a plea of tender, &c., the defendant holds the affirmative, and has a right to open and close the cause.

2. Parol evidence will not be received to explain a written agreement, until it is first shown that the expressions of the agreement are equivocal.

3. A demurrer in one cause between the same parties, whereby a particular fact is considered in law as admitted, is not evidence of that fact in another cause between the same parties.

[See Auld v. Hepburn, Case No. 651.]

At law. Debt [by Auld, as agent for Dunlop & Co., against Hepburn & Davis] for the penalty of an agreement, $45,000. The defendants pleaded a tender of a deed of assignment.

THE COURT was of opinion, nem. con. that the defendants held the affirmative of the issue, and had the right to open and close the cause.

Mr. Keith's evidence was objected to, because parol evidence cannot be given to alter the written agreement.

Mr. E. J. Lee cited Meres v. Ansell, 3 Wils. 275.

THE COURT was of opinion, nem. con. that in order to let in parol evidence to explain the agreement, the party must first show that there are equivocal expressions in the contract, and that the evidence is to explain those equivocal expressions.

Mr. C. Lee, for the plaintiff, offered the record of the case of Hepburn v. Auld, [Case No. 6,389,] decided in this court, and in the supreme court, [1 Cranch, (5 U. S.) 321; 5 Cranch, (9 U. S.) 262.] upon a writ of error,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

to show that by the demurrer in that case, the fact is admitted that the tender was not unconditional.

THE COURT refused to permit the record to be read for that purpose, or to prove any other fact admitted by that demurrer.

The jury could not agree after being out three days.

## Case No. 651.

### AULD v. HEPBURN et al.

[1 Cranch, C. C. 166.] [1]

Circuit Court, District of Columbia. June Term, 1804.

PLEADINGS—DEMURRER—NOT EVIDENCE OF FACTS ADMITTED IN ANOTHER SUIT.

An admission of facts by a demurrer in one suit, is not evidence of those facts in another suit between the same parties.

[See Auld v. Hepburn, Case No. 650.]

The record of the suit of Hepburn v. Auld [Case No. 6.389, 1 Cranch, (5 U. S.) 321, and 5 Cranch, (9 U. S.) 262] was offered in evidence by the plaintiff to show that by demurring to Auld's plea, in that case, the defendants have admitted the fact, that the release was required.

E. J. Lee, for plaintiff, cited Lee v. Boothby, 1 Keb. 720; 12 Vin. Abr. 82. Admissions upon record in other cases between the same parties, may be given in evidence.

Mr. Swann, contra, cited Grills v. Mannell, Willes, 380.

THE COURT was of opinion (nem. con.) that the admission of facts by a demurrer cannot bind the party in any other plea, or in any other cause where the facts are put in issue.

## Case No. 652.

### AULD v. HOYL.

[1 Cranch, C. C. 544.] [1]

Circuit Court, District of Columbia. June Term, 1809.

LIMITATION OF ACTIONS—WHEN APPLICABLE— TREATY OF 1794.

A British subject who, before the treaty of 1794, [8 Stat. 116,] took a bond in the name of a citizen of the United States, cannot avoid the statute of limitations, by claiming the benefit of the clause of the treaty which removed all legal impediments in the recovery of British debts.

At law. Debt on bond [by Auld, as assignee of W. Wilson, against Hoyl, as administrator of Deakins,]—plea that the bond was of twelve years standing, and barred by the statute of limitations. Replication that the bond was taken for a debt due to Dunlop & Co., British creditors, before the war, and that the British treaty removed that lawful impediment.

THE COURT (DUCKETT, Circuit Judge, absent) adjudged the replication to be bad;

observing that if a British creditor covers his debt under the name of a citizen he must take citizen's law.

## Case No. 653.

### AULD et al. v. MANDEVILLE.

[2 Cranch, C. C. 167.] [1]

Circuit Court, District of Columbia. April Term, 1819.

NEGOTIABLE INSTRUMENTS—DEMAND—LAST DAY OF GRACE.

Notice to the indorser on the third day of grace, although after bank hours, is too soon.

[See note at end of case.]

At law. Assumpsit, against the indorser of Griffith's note. Demand of payment from the maker was made before three o'clock on the last day of grace, and payment being refused, the notary gave notice to, and demanded payment from, the defendant after three o'clock of the same day.

THE COURT, upon the authority of the cases decided in Washington, viz: Lindenberger v. Beale, [Case No. 8,359,] and Beeding v. Pic, [Id. 1,227,] rendered judgment for the defendant upon the case stated and referred to in the verdict of the jury.

[NOTE. This decision was evidently in recognition and enforcement of the usage of the banks in the District of Columbia to demand payment of commercial paper the day after the last day of grace. Other cases to like effect are Coyle v. Gozzler, Case No. 3,312; Bank of Alexandria v. Wilson, Id. 856; Brent v. Coyle, Id. 1,837; Hill v. Norvell, Id. 6,497; Bank of Columbia v. McKenny, Id. 874; Mills v. Bank of U. S., 11 Wheat. (24 U. S.) 431; Adams v. Otterback, 15 How. (56 U. S.) 539; Bank of Washington v. Reynolds, Case No. 954; Bank of Columbia v. Lawrence, Id. 872; Patriotic Bank v. Farmers' Bank, Id. 10,811; Renner v. Bank of Columbia, 9 Wheat. (22 U. S.) 581. This usage was changed in 1818 by all of the banks of Washington and Georgetown "so as to conform to the general commercial usage of demanding payment on the last day of grace." Cookendorfer v. Preston, 4 How. (45 U. S.) 317. This change in usage or custom was also recognized in the following cases, requiring demand to be made on the last day of grace: Beeding v. Pic, Case No. 1,227; Auld v. Peyton, Id. 654; Lenox v. Roberts, 2 Wheat. (15 U. S.) 373; Bank v. Walker, Case No. 903; Bank of Washington v. Triplett, 1 Pet. (26 U. S.) 25.]

## Case No. 654.

### AULD et al. v. PEYTON.

[2 Cranch, C. C. 182.] [1]

Circuit Court, District of Columbia. Nov. Term, 1819.

NEGOTIABLE INSTRUMENTS—DEMAND—LAST DAY OF GRACE.

Demand of payment of a note must be made on the last day of grace.

[See note to Auld v. Mandeville, Case No. 653.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]